On motion to dismiss appeal, decided January 6, rehearing denied February 3, 1914.

## STATE EX REL. *v.* SIMPSON.

(137 Pac. 750; 138 Pac. 467.)

**Appeal and Error—Proceedings to Take Appeal.**

1. Under Section 550, L. O. L., requiring notice of appeal to be served on such adverse parties as have appeared in the action, service on a defendant who did not appear is unnecessary and when made gives him no additional rights.

[As to parties entitled to notice of appeal, see note in 13 Ann. Cas. 181.]

**Appeal and Error—Dismissal—Rights of Party in Default.**

2. A defendant who has permitted judgment to be entered against him by default cannot assail an appeal taken by the other party by motion to dismiss.

**Appeal and Error—Decisions Reviewable—Default Judgment.**

3. Section 549, L. O. L., giving a right to appeal from a judgment or decree other than a judgment or decree by confession or for want of answer, gives neither plaintiff nor defendant a right of appeal from a default judgment.

**Appeal and Error—Decisions Reviewable—"Judgment for Want of Answer."**

4. Though Section 185, L. O. L., authorizes the trial court, in certain cases, to take testimony and render judgment in accordance therewith after failure of defendant to answer, such a judgment is one for want of answer within Section 549, giving the right to appeal from a judgment or decree other than one by confession or for want of answer, and neither party can appeal therefrom.

**Appeal and Error—Nature of Right—Statutory Provision.**

5. In respect to appeals, the Supreme Court is of limited jurisdiction, and can entertain them only when they are within the purview of the statute.

From Multnomah: WILLIAM L. BRADSHAW, Judge.

This is an action by the state on the relation of George S. Shepherd against E. M. Simpson. From a judgment for relator, he appeals.

Motion to dismiss appeal denied, but appeal dismissed on court's own motion.

APPEAL DISMISSED: REHEARING DENIED.

*Mr. Claude McColloch,* for the motion.

*Mr. Walter H. Evans,* District Attorney, and *Mr. George H. Shepherd, contra.*

MR. JUSTICE McNARY delivered the opinion of the court.

This is a motion to dismiss an appeal; the movent assigning two reasons therefor: (1) That appellant is in no sense aggrieved by the judgment, inasmuch as the court gave him "everything prayed for"; (2) that "there has ceased to be, if there ever was, any controversy between the parties."

Historically the case presents this situation: The relator, Geo. S. Shepherd, for a period of time prior to December 9, 1911, the date of the contest in question, was captain of the Oregon Naval Militia. The time of the annual election arriving, defendant E. M. Simpson, contested with relator his right to a re-election. The canvassing board declared defendant elected to the office of captain of the Oregon Naval Militia, whereupon relator, conformable to the provisions of Section 368 et seq., L. O. L., brought this action in 'he name of the state against defendant for usurpation of the office. Service of process was made upon defendant, but, no appearance being made, defendant's default was noted and a judgment for want of an answer entered. After trial the lower court adjudged that defendant never qualified for the office to

which he had been elected, and, in the absence of any lawfully chosen successor, appellant was the lawful incumbent of the office of captain of the Oregon Naval Militia.    Relator, feeling displeased with the judgment of the lower court, brings this appeal and, when perfecting the same, served a notice thereof on defendant, who now appears and urges his motion to dismiss the appeal.

1. Section 550, L. O. L., indicating the manner in which an appeal shall be taken and perfected, states in substance that, if an appeal is not taken in open court, the party desiring to appeal may cause a notice thereof to be served on ''such adverse party or parties as have appeared in the action or suit.''    Defendant not having appeared in the lower court, it became unnecessary, in view of the statute to have served him with notice of appeal, as the section limits those to be served with notice to such only as have ''appeared'' in the suit or action.    Appellant, in notifying defendant of the appeal, performed an act of supererogation which created no additional rights in defendant: *United States Inv. Corp.* v. *Portland Hospital,* 40 Or. 524 (64 Pac. 644, 67 Pac. 194, 56 L. R. A. 627).

2. A defendant, in making a default, impliedly invites the court to grant unto plaintiff all the relief to which his pleadings show him entitled, and he cannot be heard to complain if plaintiff labors under the belief that an appeal is necessary in order to establish the rights which he deemed his pleadings warrant.    The statute expressly withholds the right of appeal from a defendant who permits a judgment or decree to be entered against him by default and by implication inhibits him from assailing an appeal taken from a judgment which defendant acquiesced in being entered.

3. Notwithstanding defendant's inability to attack appellant on appeal, has the latter a right of appeal? Section 549, L. O. L. reads: ''Any party to a judgment

or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom. The party appealing is known as the appellant, and the adverse party as the respondent; but the title of the action is not changed in consequence of the appeal." The language of the statute plainly inhibits both plaintiff and defendant from taking an appeal from a judgment or decree given by confession or for want of an answer, as it reads, "Any party," to a judgment or decree, so that when a sole defendant, as in this case, or all of the defendants when more than one, permit a judgment or decree to be entered for want of an answer or by confession, neither plaintiff nor defendant has a right of appeal. While this rule may seem harsh, yet it necessarily follows from a simple reading of the statute.

Believing this court is without jurisdiction in the premises, this appeal is dismissed by the court *sua sponte.*

Motion to dismiss overruled. Appeal dismissed by court on its own motion.          MOTION OVERRULED.

APPEAL DISMISSED BY COURT: REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.

———

Decided February 3, 1914.

ON PETITION FOR REHEARING.

(138 Pac. 467.)

MR. JUSTICE BURNETT delivered the opinion of the court.

The defendant in the court below did not answer or otherwise appear in this action. The Circuit Court

heard some testimony after the default of the defendant was entered, and rendered judgment to the effect that the relator was yet the lawful incumbent of the office in question, and would be until the election and qualification of his successor, the defendant never having qualified. Dissatisfied with the uncertain tenure thus awarded him, the relator appealed. The defendant moved to dismiss, but this court, speaking by Mr. Justice McNARY, refused to entertain his motion, and dismissed the appeal *sua sponte,* holding that neither party to a judgment for want of an answer has the right to appeal. The relator now moves for a rehearing on that subject.

4. Section 549, L. O. L., reads:

"Any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom. The party appealing is known as the appellant, and the adverse party as the respondent; but the title of the action or suit is not changed in consequence of the appeal."

Section 185, L. O. L., is partly in these words:

"Judgment may be had upon failure to answer, as follows: When the time for answering the complaint has expired, and it appears that the defendant, or one or more of several defendants, in the cases mentioned in Section 61, has been duly served with the summons and has failed to answer the complaint, the plaintiff shall be entitled to have judgment against such defendant or defendants—

"(1) In an action arising upon contract for the recovery of money or damages only; if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted by the court or judge thereof, the clerk, upon the application of the plaintiff made in writing and filed with the clerk, shall enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons,

69 Or.—7

against the defendant, or against one or more of several defendants, in cases provided for in Section 61;

"(2) In other actions, including all actions sounding in damages or tort, as opposed to an action on contract or for debt, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted by the court or judge thereof, the clerk shall, upon the written motion of the plaintiff being filed, enter the default of the defendant, and thereafter the plaintiff may apply to the court for the relief demanded in the complaint; and the court shall, upon such application, give judgment for the amount claimed in the summons, or the relief demanded in the complaint, unless it be necessary, to enable the court to give judgment or carry the same into effect, to take proof of any matter of fact, in which case the court may order the entry of judgment to be delayed until such proof be taken. The court may hear the proof itself, or make an order of reference, or that a jury be called to inquire thereof. Thereupon the court shall enter judgment in accordance with its own findings, or the verdict of the jury; provided, however, that in all cases where the cause of action is for damage which is not liquidated, if a jury shall, by either party be demanded to assess the damage, the court before which such action is pending must grant such jury trial, or, if neither party demand a jury the damage may be assessed by the court. * * "

The petition for rehearing proceeds upon the theory that, because the court may in certain cases take testimony in actions where the defendant has failed to answer, and that such testimony has been taken in this case, the judgment is not one for want of an answer within the meaning of Section 549, L. O. L., *supra.* But what gives the court authority to proceed in the manner indicated? Plainly, the fact that the defendant has not answered. No matter what proceedings are taken after default is entered, the final judgment is none the less one for want of an answer from which neither party can appeal. It is argued that this lodges

too much responsibility with a judge disposed to act in an arbitrary manner and give a wrong judgment against a plaintiff. This, however, is a legislative question. Responsibility must be lodged somewhere. The same argument would apply to this court, the members of which are as frail and liable to err as any circuit judge. The legislature having declared in effect that there shall be no appeal from a judgment for want of an answer, the court would usurp the functions of that branch of the government should it entertain an appeal of that kind.

5. "An appeal is not a matter of primary right. It is a privilege, and he who would enjoy that privilege must show some statute conferring it upon him": *Portland* v. *Nottingham,* 58 Or. 1 (113 Pac. 28) ; *Portland* v. *Gaston,* 38 Or. 533 (63 Pac. 1051) ; *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145) ; *Union Nat. Bank* v. *Barth,* 179 Ill. 83 (53 N. E. 615) ; *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257). In respect to appeals, this court is a tribunal of limited jurisdiction, and can entertain them only when they are within the purview of the statute. We have no jurisdiction in this case, and can only dismiss it: *Fassman* v. *Baumgartner,* 3 Or. 469; *Long* v. *Sharp,* 5 Or. 438; *Whipple* v. *Southern Pac. Co.,* 34 Or. 370 (55 Pac. 975).

We adhere to the former opinion.

APPEAL DISMISSED BY COURT: REHEARING DENIED.