Submitted on motion to dismiss appeal April 8, motion overruled June 2, second motion to dismiss denied September 15, 1925, argued April 14, affirmed May 17, 1927.

# E. F. KERSCHNER *v.* J. L. SMITH.

## (236 Pac. 272; 256 Pac. 195.)

**Appeal and Error—Motion to Dismiss Appeal Because Undertaking not Filed in Time Denied for Delay in Moving to Dismiss.**

1. Motion to dismiss appeal because undertaking was not filed in time would be overruled, in view of Supreme Court Rule, No. 23, where, though undertaking was several days late, plaintiff did not file his motion to dismiss until more than ten days after knowledge thereof.

### ON THE MERITS.

**Judgment—Judgment for Want of Answer to Service of Complaint and Summons Admits Truth of Material Allegations of Complaint.**

2. Judgment for want of answer, after due and lawful service of complaint and summons, admits as true all material allegations of complaint.

**Appeal and Error—Void Default Judgment is Appealable (Or. L., § 549).**

3. Though under Section 549, Or. L., no appeal lies from valid judgment or decree given for want of answer, a void default judgment is appealable.

**Pleading—Plaintiff's Right to Recover Rests on Cause of Action Averred.**

4. Plaintiff's right to recover rests upon cause of action averred in complaint and not on issues without record.

**Pleading—"Prayer for Relief" is Request in Complaint or Petition Asking for Relief.**

5. "Prayer for relief" is request contained in complaint or petition, which asks for relief to which plaintiff thinks himself entitled.

**Replevin—Court Properly Directed Money Judgment in Action to Recover Personal Property, in View, of Special and General Prayer for Relief.**

6. Where complaint in action to recover personal property on ground of fraud contained both a special prayer and general prayer for relief, court was warranted in decreeing money judgment for value of property, where defendant had disposed of property prior to service of writ of injunction.

Judgment—Court, Under Prayer for General and for Special Relief, may Extend Relief Specifically Prayed for or Other Relief Warranted by Complaint.

7. Where there is a prayer for general relief and for special relief as well, the court may extend the relief specially prayed for or give such other relief as is warranted by allegations of complaint.

Appeal and Error, 3 **C. J.**, p. 604, n. 61, p. 605, n. 71.
Judgments, 33 **C. J.**, p. 1148, n. 3; 34 **C. J.**, p. 175, n. 73, p. 191, n. 82.
Pleading, 31 **Cyc.**, p. 110, n. 97, p. 112, n. 5.
See (1) 4 **C. J.**, p. 597.

From Multnomah: George Rossman, Judge.

In Banc.

Motion to Dismiss Appeal Denied.

For the motion, *Mr. Louis V. Lundburg.*

·*Contra, Mr. H. F. McInturff* and *Mr. C. W. Robison.*

McBRIDE, C. J.—This is a motion to dismiss an appeal for the reason that the undertaking was not filed within ten days from the filing of the notice of appeal.

1. The defendant in this case served his notice of appeal on the seventh day of February, 1925, and on the nineteenth day of February, 1925, he filed his undertaking, which was duly served on the plaintiff at that date. The plaintiff moves now to dismiss the appeal on the ground that the undertaking was not served within ten days from the filing of the notice of appeal. But, as it appears that the undertaking was served on the plaintiff's attorney on the nineteenth day of February, 1925, the plaintiff is within Rule No. 23 of this court, which requires all motions to be filed within ten days after a party or his attorney shall have obtained knowledge of

the failure of the adverse party in any particular. The undertaking was, in fact, several days late, but, as plaintiff had knowledge of it on the nineteenth day of February, and did not file his motion to dismiss until March 26th, his motion comes too late and is therefore overruled.        MOTION OVERRULED.

### ON THE MERITS.

This is an appeal from a default judgment rendered upon a complaint based upon fraud. From the record it appears that, between January and August, 1924, plaintiff and one Edward L. Brown, as partners, conducted a rooming-house in the City of Portland, Oregon; that plaintiff was the owner of an undivided one-half interest in the furniture therein, which interest was of the value of $1,000, and that she also owned a leasehold interest in the premises; that J. L. Smith, defendant herein, was the owner of a $2,300 mortgage on certain personal property, which mortgage was subject to a prior mortgage for $3,000, and that the value of the personal property was not greater than the amount of the first mortgage thereon. It is averred and established that Edward L. Brown and defendant Smith conceived and fraudulently designed a scheme, whereby defendant obtained the plaintiff's interest in the rooming-house, including her leasehold thereof, in consideration of the assignment to her of the Smith mortgage; that they knowingly and fraudulently represented and pretended to the plaintiff that defendant's chattel mortgage for $2,300 was a good and valid mortgage, well secured, and of the value of $2,300, whereas, in truth, by reason of the prior mortgage upon the security, his mortgage had no value.        AFFIRMED.

For appellant there was a brief over the names of *Mr. H. F. McInturff* and *Mr. C. W. Robison,* with an oral argument by *Mr. McInturff.*

For respondent there was a brief over the names of *Mr. Louis V. Lundburg* and *Mr. B. A. Green,* with an oral argument by *Mr. Lundburg.*

BROWN, J.—2. A judgment for want of an answer, after due and lawful service of complaint and summons, admits the truth of all the material allegations of the complaint: *Philbrick* v. *O'Connor,* 15 Or. 15, 19 (13 Pac. 612, 3 Am. St. Rep. 139).

There is no contention in this case but what the process summoning the defendant to answer was strictly regular and according to law, and that the court possessed the necessary jurisdiction of the cause and of the parties litigant to authorize the entry of a default judgment. It is contended, however, that the decree of the court grants relief beyond that prayed for in plaintiff's complaint. The complaint prayed for a decree as follows:

"1. That the defendant herein reconvey and transfer to plaintiff an undivided one-half interest in said personal property and lease, or, in lieu thereof, that the said personal property be sold and plaintiff receive from the proceeds thereof such an amount of money as the court might find from the evidence that the equity of the case should warrant.

"2. That the defendant J. L. Smith be restrained by injunction from disposing of * * said property * * .

"3. That the plaintiff have such other and further relief as may be just and equitable, together with her costs and disbursements incurred herein."

Prior to the service of any writ of injunction, the defendant had disposed of the property, and the court decreed that the plaintiff have judgment against

defendant for the sum of $1,000, the value thereof. Thereafter, based upon the decree, and after an execution had issued, defendant filed a motion to vacate that part of the judgment relating to the payment of money by defendant to plaintiff, for an order quashing the writ of arrest, and for the release of defendant.

3. No appeal lies from a valid judgment or decree given for want of an answer: Or. L., § 549. From the beginning, however, this court has recognized that a void default judgment is appealable: See *Fassman* v. *Baumgartner,* 3 Or. 469; *Smith* v. *Ellendale Mill Co.,* 4 Or. 70; *Trullenger* v. *Todd,* 5 Or. 36; *State ex rel.* v. *Simpson,* 69 Or. 93 (137 Pac. 750, 138 Pac. 467); *Oregon Lbr. & Fuel Co.* v. *Hall,* 76 Or. 138 (148 Pac. 61).

4. The defendant contends that the decree in this case is void because of the judgment for money. In this defendant is in error. The plaintiff's right to recover rests upon the cause of action averred in her complaint, and not upon issues without the record: *Ford* v. *Schall,* 110 Or. 21 (221 Pac. 1052, 222 Pac. 1094).

5–7. It is further asserted that the prayer was insufficient to authorize the court to enter a money judgment. A prayer for relief is the request contained in a complaint or petition which asks for the relief to which the plaintiff thinks himself entitled: 16 Ency. Plead. & Prac., p. 775. The purpose of a prayer is to advise the opposite party of the precise nature of the demand, in order that he may come prepared to meet it: 1 Bancroft's Code Pleading, § 12. In the instant case, the complaint contained both a special prayer and a general prayer in the usual form, and these prayers were consistent. The relief extended by the court was based upon, and well within the compass of, the allegations of the com-

plaint. There is a wealth of authority to the effect that, where there is a prayer for general relief, and for special relief as well, the court is empowered to extend the relief specifically prayed for, or to give such other relief as is warranted by the allegations of the complaint: 4 Stand. Ency. of Proced. 137 and the wealth of authorities cited under note 32.

The decree of the court is right and in accordance with law.

This case is affirmed.                    AFFIRMED.

BURNETT, C. J., and BEAN and BELT, JJ., concur.