Submitted on record and briefs October 3, 1984, reversed and remanded March 6, 1985

In the Matter of the Marriage of

## McCUMBER,
*Respondent,*
*and*

## McCUMBER,
*Appellant.*

(15-82-09643; CA A29623)

695 P2d 992

Danny Charles McCumber, Monroe, Washington, filed the brief pro se for appellant.

Barbara J. Cullen Blackwell, aka Barbara J. Cullen Sheperd, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Husband appeals from a default judgment dissolving the parties' marriage, contending, *inter alia,* that entry of the judgment was not in compliance with ORCP 69B(2) and that certain provisions of an order of the trial court providing for visitation rights of the paternal grandparents should be set aside. We reverse and remand.

The parties were married in 1972. They have one child, a son, who was born in 1980. In 1982, husband was convicted of several crimes and was sentenced to a 15-year minimum sentence in the custody of the Washington Department of Corrections.

We relate the pertinent procedural events in chronological order. Wife filed a petition for dissolution of the marriage in November 1982. On March 7, 1983, husband's parents filed a petition seeking visitation rights with the parties' child. Husband and his parents initially were represented by the same attorney. On March 28, 1983, husband responded by a general appearance. On June 24, 1983, the trial court entered an order allowing visitation by the paternal grandparents and incorporating a stipulation that the grandparents would not take the child to visit with husband.

The trial date was set for the morning of August 25. On August 15, husband asked his attorney to withdraw from the case and mailed to the trial court a petition seeking permission to proceed *pro se in forma pauperis* and a document designated a "cross claim," in which he sought joint custody of the child, expanded visitation rights of the grandparents and a determination of the disposition of certain property of the parties. On August 22, husband's attorney moved to withdraw as his attorney of record; the motion was granted. Husband's petition to proceed *pro se* was filed on August 23, but the trial court file does not indicate that the court acted on it.

Husband did not personally appear for the trial on August 25. His motion for an extension of time was filed at 1:20 p.m. that day, several hours after the time set for the hearing. On that same day, instead of proceeding to trial without husband's presence, wife submitted a motion supported by her affidavit for a decree of dissolution without a hearing, pursuant to ORS 107.095(4). On August 26, the trial

court entered the judgment finding husband in default and dissolving the marriage of the parties.

 Husbands first assignment is that it was error to grant judgment by default because he did not receive notice of the application for default judgment as required under ORCP 69B(2), which provides in relevant part:

> "If the party against whom judgment by default is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought (or, if appearing by representative, such party's representative) shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application. * * *"

Husband "appeared" in this case by submitting a general appearance. *See Jacobson v. Mt. Park Home Owners Assn.*, 65 Or App 269, 272, 670 P2d 633 (1983). At the time set for hearing he had dismissed his attorney, but he had not withdrawn his appearance. He was entitled to written notice of the impending default decree.

There is no indication that husband received any notice before entry of the default decree. Although a court may shorten the 10-day notification period under ORCP 69B(2), it may not dispense with it entirely. Without compliance with ORCP 69B(2), a default judgment is invalid. *Denkers v. Durham Leasing Co.*, 72 Or App 180, 694 P2d 996 (1985). Accordingly, the judgment of the trial court must be reversed and the case remanded.

Husband's second assignment of error concerns the intermediate order of the trial court regarding visitation of his parents with his son. It has no merit.

Reversed and remanded. Costs, except attorney fees, are awarded to husband.