Argued and submitted April 11, order of replevin and bench warrant vacated; case remanded for entry of judgment September 24, 1986

## VANTZ,
*Appellant,*

v.

## ABBETT,
*Respondent.*

### (84-6009; CA A37392)

725 P2d 941

Ivan Vesely, Portland, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiff brought this action to recover damages for assault. Defendant counterclaimed for conversion, alleging that plaintiff wrongfully took possession of his front-end loader. The case was tried to a jury, which, on May 16, 1985, returned a special verdict in favor of defendant on plaintiff's claim and defendant's counterclaim. However, the jury did not award any damages to defendant on his counterclaim. This appeal concerns the propriety of an "order of replevin," requiring plaintiff to return the loader to defendant, that was issued by the trial court after the verdict was returned but before judgment was entered. We vacate the order of replevin and remand for entry of an appropriate judgment.

The order of replevin was issued on July 3, 1985, *nunc pro tunc* June 25, 1985. Plaintiff failed to comply with the order. A bench warrant for his arrest was subsequently issued on September 17, 1985, when he failed to appear at a show cause hearing to explain why he should not be held in contempt of court for refusing to comply with the order. Judgment was thereafter entered on September 11, 1985, *nunc pro tunc* May 16, 1985. The judgment does not specify the relief (or lack thereof) awarded defendant.

On appeal, plaintiff contends that the replevin order was issued in contravention of his state constitutional right to a jury trial. We need not reach that constitutional issue; there is simply no legal basis to support the trial court's order. Defendant did not bring a claim and delivery action pursuant to ORCP 85, which would have enabled him to obtain possession of his alleged property. He chose, rather, to sue in conversion for the full value of the loader. He did not seek return of the implement until after the jury had found that he had not been damaged by the conversion. Because that finding has not been challenged,[1] we need not decide whether defendant would be entitled to possession in lieu of money damages, had money damages been awarded. *See* ORCP 67C; *Kerschner v. Smith,* 121 Or 469, 474, 236 P 272, 256 P 195 (1927); *but see* ORCP 61D.

Here, the jury's uncontested finding is that defendant

---

[1] Defendant did not file a brief in this court.

was not damaged by the conversion. Although the order of replevin is not necessarily inconsistent with that finding, it is not the relief which defendant had sought in his counterclaim. Accordingly, the jury was not asked to decide whether defendant was entitled to possession.[2] Defendant could not seek one remedy (damages) and then, when that was denied by the jury, have an alternative remedy by order of the court. Accordingly, the trial court's replevin order, as well as the bench warrant that was issued as a consequence of defendant's failure to comply with that order, must be vacated.

Because the judgment itself does not specify the relief awarded defendant with respect to his counterclaim in accordance with ORCP 70,[3] we remand for entry of a judgment expressly stating that no relief is awarded to defendant.

Order of replevin and bench warrant vacated; remanded for entry of judgment expressly stating that no relief is awarded to defendant.

---

[2] ORCP 61D provides:

"In an action for the recovery of specific personal property, where any party who alleges a right to possession of such property is not in possession at the time of trial, in addition to any general verdict or other special verdict, the court shall require the jury to return a special verdict in the form of (1) a special written finding on the issue of the right to possession of any party alleging a right to possession, and (2) an assessment of the value of the property."

[3] ORCP 70A states that every judgment shall "specify clearly the party or parties in whose favor it is given and against whom it is given and the relief granted or other determination of the action."