On respondent's Motion to Dismiss Appeal filed July 28, 1997, appeal dismissed April 8, reconsideration allowed by opinion July 15, 1998
See 155 Or App 262, _____ P2d _____ (1998)

In the Matter of the Marriage of

Wendy Maureen GIBBONS,
*Respondent,*

*and*

Denis Lee GIBBONS,
*Appellant.*

(95-DR-0852; CA A98405)

956 P2d 1069

Frank C. Rote, III, and Brown, Hughes, Bird, Lane & Rote for motion.

Clayton C. Patrick, *contra.*

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

Husband appeals from a judgment of dissolution of marriage entered as a default judgment. We dismiss for lack of jurisdiction. ORS 19.245.

In August 1995, wife filed a petition for dissolution. Husband did not file an answer or any other equivalent responsive pleading to that petition. On July 22, 1996, husband appeared *pro se* at a show cause hearing; on the same day, he was served with wife's notice of intent to obtain an order of default within 10 days. ORCP 69 A(1).[1] Again, husband did not file an answer or responsive pleading. Accordingly, on August 1, 1996, wife moved for an order of default pursuant to ORCP 69 A(1). On August 5, 1996, the court entered the order of default. Thereafter, on August 8, 1996, and on April 30, 1997, husband twice unsuccessfully moved under ORCP 69 C[2] to set aside the order of default. On May 29, 1997, the court entered a judgment of dissolution of marriage, which was expressly predicated on the prior order of default and which comported with the relief requested. Husband appeals from that judgment.[3]

---

[1] ORCP 69 A(1) reads as follows:

"When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, the party seeking affirmative relief may apply for an order of default. If the party against whom an order of default is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order of default, then the party against whom an order of default is sought shall be served with written notice of the application for an order of default at least 10 days, unless shortened by the court, prior to entry of the order of default. These facts, along with the fact that the party against whom the order of default is sought has failed to plead or otherwise defend as provided in these rules, shall be made to appear by affidavit or otherwise, and upon such a showing, the clerk or the court shall enter the order of default."

[2] ORCP 69 C reads as follows:

"For good cause shown, the court may set aside an order of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 71 B and C."

[3] Husband subsequently moved under ORCP 71 to set aside the default judgment. We held this appeal in abeyance pending the disposition of that motion, which the trial court ultimately denied. The denial of husband's Rule 71 motion is not before us. *See Waybrant v. Bernstein*, 294 Or 650, 653-55, 661 P2d 931 (1983) (denial of motion to set aside default *judgment* pursuant to ORCP 71 B(1)(a) is appealable order under ORS 19.205(2)(c) (formerly ORS 19.010(2)(c))).

Wife has moved to dismiss this appeal for lack of jurisdiction under ORS 19.245 (formerly ORS 19.020)[4] and for inadequate service of the notice of appeal. Because the first ground is dispositive, we do not reach the second.

■      ORS 19.245 reads:

"Any party to a judgment or decree, other than a judgment or decree given by confession *or for want of an answer*, may appeal therefrom. The plaintiff may appeal from a judgment or decree given by confession or for want of an answer where such judgment or decree is not in accordance with the relief demanded in the complaint. The party appealing is known as the appellant, and the adverse party as the respondent; but the title of the action or suit is not changed in consequence of the appeals." (Emphasis added.)

Although the statute's antecedents date nearly to statehood, General Laws of Oregon, ch 6, § 526, p 280 (Deady 1845-1864), relatively few decisions have explored the meaning of the phrase "for want of an answer." *See generally Henry and Henry*, 301 Or 185, 188-92, 721 P2d 430 (1986) (canvassing authority pertaining to jurisdiction to review appeal of default judgment entered by court that lacked jurisdiction "over the cause or the defendant"). Nevertheless, the cases are clear that where, as here, a judgment is entered predicated on an order of default under ORCP 69 A, the judgment is a judgment "for want of an answer." *See, e.g., Rajneesh Foundation v. McGreer*, 303 Or 139, 141-42 n 2, 734 P2d 871 (1987) ("A default judgment under ORCP 69A. would be one entered for want of an answer.").[5]

■      Husband attempts to avoid that result by asserting that: (1) He appeared in the trial court before entry of the order of default; and (2) His subsequent efforts to set aside the order of default are a sufficient appearance to constitute an "answer" for purposes of ORS 19.245. Neither argument is

[4] In 1997, the statute was renumbered, but its text was not amended.

[5] In *Rajneesh Foundation v. McGreer*, 303 Or 139, 141-42 n 2, 734 P2d 871 (1987), the Supreme Court affirmed our holding, 80 Or App 168, 171 n 3, 721 P2d 867 (1986), that the default judgment rendered there, based on an order of default imposed as a sanction under ORCP 46 B(3)(c) for discovery violations, was not rendered "for want of an answer."

availing. Although husband did appear *pro se* at the show cause hearing on July 22, 1996, nothing in the trial court file establishes that husband filed any pleading, much less a responsive pleading, before entry of the order of default.[6] *See generally* ORCP 69 A. *See also Colwell v. Chernabaeff*, 258 Or 373, 375, 482 P2d 157 (1971) (pre-ORCP decision, holding that the defendant's pleading denominated "Notice," which included a "motion to strike," did not constitute "an 'Answer' or an appropriate appearance, which, under the circumstances, would prevent the taking of a default for want of an answer"). *Accord Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 301-02, 716 P2d 766 (1986) (the defendants' motion to quash order to show cause would not have constituted sufficient appearance to preclude entry of order of default; however, before entry of default, the defendants filed motion to dismiss complaint and, thus, "the record no longer justified the entry of a default for failure to plead or otherwise defend"). Husband's mere personal appearance, without filing a responsive pleading, did not preclude the entry of the order of default.[7]

Nor does the fact that husband later sought to set aside the order of default alter the fact that the default judgment was predicated on the order of default and, thus, was entered for want of an answer. *See Rajneesh Foundation*, 303 Or at 141-42 n 2. *See also State ex rel v. Simpson*, 69 Or 93, 137 P 750, *on rehearing* 69 Or 96, 98, 138 P 467 (1914) (judgment was entered "for want of an answer" notwithstanding the fact that the trial court heard testimony after default was allowed and before judgment was entered: "No matter what proceedings are taken after default is entered, the final judgment is nonetheless one for want of an answer from which neither party can appeal."); *Morrow Co. Sch. Dist.*, 78 Or App at 301 (noting that "plaintiff did not seek an immediate order

---

[6] As an exhibit to his affidavit in support of his original August 8, 1996, motion to set aside, husband submitted a document entitled "Response," dated July 19, 1996, stating, "Respondent appears." However, that document bears no date or filing stamp, and the trial court's docket shows no such filing.

[7] *See also Whipple v. S. P. Co.*, 34 Or 370, 372-73, 55 P 975 (1899) (holding that judgment for want of an answer was properly entered even though the defendant's attorney appeared in court at the time set for trial).

of default, the entry of which would have had the effect of cutting off defendant's right to 'plead or otherwise defend'" within meaning of ORCP 69 A).[8]

The judgment that is the object of this appeal was a judgment entered "for want of an answer." Accordingly, under ORS 19.245, we lack jurisdiction.

Appeal dismissed. Costs to wife.

---

[8] Husband points to *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 716 P2d 766 (1986), and *McCumber and McCumber*, 72 Or App 529, 695 P2d 992 (1985), as demonstrating that this court has reviewed default judgments. Neither case is apposite. As noted above, in *Morrow Co. Sch. Dist.* we determined that the defendant had, in fact, "answered" by filing a motion to dismiss the complaint. In *McCumber*, we held that, because husband, who had appeared by submitting a general appearance, had not received the requisite notice before entry of the default, ORCP 69 B(2), the default judgment was "invalid." 72 Or App at 532. Here, it is undisputed that husband did receive the requisite 10-day notice. Neither decision referred to, much less addressed the particular application of, ORS 19.245.