On appellant's motion for reconsideration filed April 23, motion for reconsideration of opinion (153 Or App 377, 956 P2d 1069 (1998)) denied July 15, 1998

In the Matter of the Marriage of

Wendy Maureen GIBBONS,
*Respondent,*
*and*

Denis Lee GIBBONS,
*Appellant.*

(95-DR-0852; CA A98405)

964 P2d 1050

Clayton C. Patrick for motion.

Frank C. Rote, III, and Brown, Hughes, Bird, Lane & Rote, *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

PER CURIAM

Armstrong, J., dissenting.

**PER CURIAM**

Appellant moves for reconsideration of our decision dismissing the appeal. *Gibbons and Gibbons,* 153 Or App 377, 956 P2d 1069 (1998). Appellant contends that our decision is incorrect. He advances no arguments in support of that contention that were not already raised in his memorandum in opposition to the motion to dismiss and addressed in our opinion. *See* ORAP 6.25(1)(v) ("Claims addressing legal issues already argued by the parties' briefs and addressed by the Court of Appeals are disfavored.").

Motion for reconsideration denied.

**ARMSTRONG, J.,** dissenting.

We dismissed husband's appeal in this case under ORS 19.245, which bars appeals from judgments entered "by confession or for want of an answer." *Gibbons and Gibbons,* 153 Or App 377, 956 P2d 1069 (1998). Because I now believe that ORS 19.245 does not bar an appeal that challenges the propriety of entering a judgment for want of an answer, which is the challenge that husband makes here, I respectfully dissent from the denial of husband's motion for reconsideration. My reading of ORS 19.245 and of earlier decisions involving similar appeals convinces me that the prohibition in ORS 19.245 is designed only to prevent a party from coming forward after a judgment has been entered for want of an answer to complain about the *contents* of the judgment.[1] That is not the case here. Hence, I am persuaded that we erred in dismissing husband's appeal.

We have in the past exercised jurisdiction over appeals in which the validity of a judgment entered for want of an answer has been challenged, *see McCumber and McCumber,* 72 Or App 529, 695 P2d 992 (1985); *Denkers v. Durham Leasing Co.,* 72 Or App 180, 694 P2d 996, *affd* 299

---

[1] Even that limitation on jurisdiction is subject to an exception. Under *Dennison v. Doreen,* 281 Or 89, 95-96, 573 P2d 1242 (1978), a defendant can appeal from a judgment entered for want of an answer to challenge the judgment on the ground that the relief awarded on it varies from that sought in the plaintiff's complaint. Notwithstanding that exception, ORS 19.245 generally is intended to preclude a defaulted defendant from obtaining appellate review of the contents of a judgment entered as a result of the default.

Or 544 (1985), and I see no principled reason to distinguish those cases from husband's appeal in this case. In those cases, we held that the judgment was invalid because defendants had not received proper notice of the application for judgment. We did not question our jurisdiction to consider such a challenge even though the defendants had appealed from judgments entered for want of an answer. Here, husband challenges the validity of the judgment on the ground that the court erred in refusing to set aside the default order, thereby denying husband the opportunity to answer wife's dissolution petition. Although the reasons may be different, the essence of our review is the same. We are not asked to examine the substance of the judgment complained of but, rather, to focus only on the *entry* of the judgment *itself*. The Oregon Supreme Court consistently has exercised jurisdiction over judgments entered for want of an answer where the basis for review is that the judgment is void for want of jurisdiction. *See, e.g., Henry and Henry*, 301 Or 185, 188-91, 721 P2d 430 (1986) (canvassing authority pertaining to jurisdiction to review appeal of default judgments where appellant claims judgment is void). I see no reason to distinguish between a challenge to a judgment as void because the court had no jurisdiction to enter it and a challenge to a judgment as invalid because the court erred in entering it. Neither challenge is to the *contents* of the judgment but, rather, to the existence of the judgment itself. Both challenges are permitted notwithstanding the bar against appeals of judgments entered for want of an answer.

Finally, I find this case to be not unlike those cases in which a party has appealed from a stipulated judgment on the ground that the stipulation was invalid for reasons extraneous to its contents. Generally, a stipulated judgment is not appealable. *See, e.g., Russell v. Sheahan*, 324 Or 445, 451-54, 927 P2d 591 (1996) (tracing history of Oregon decisions denying appeals of stipulated judgments or consent decrees). The Supreme Court has considered appeals from such judgments, however, where the appeal has attacked the validity of the stipulation itself and not the contents of the judgment. *See Schoren v. Schoren*, 110 Or 272, 292-93, 222 P 1096 (1924) (court allowed appeal for limited purpose of determining whether husband had consented to stipulated judgment).

In short, the statutory bar against appealing a judgment entered for want of an answer applies to appeals challenging the substance of such judgments but not to those challenging the propriety of entering them.[2] In this case, husband complains that the trial court erred in not setting aside the default order on which the court based its judgment. If husband is correct that the default order should have been set aside pursuant to ORCP 69 C, then the court erred in entering a judgment against husband for want of an answer. Accordingly, we are not precluded by ORS 19.245 from exercising jurisdiction for the limited purpose of determining whether the trial court erred in denying husband's ORCP 69 C motion to set aside the order on default.

I respectfully dissent.

---

[2] Of course, normal preservation principles apply to such a challenge. Hence, a party may be required to object to the entry of the judgment in order to challenge its entry on appeal. Husband did that in his ORCP 69 C motion to set aside the default order.