No. 295          May 1, 2024          459

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Michelle Nickole COUMARBATCH,
*Petitioner-Appellant,*
*and*

Michael Oluchukwu ONUBOGU,
*Respondent-Respondent.*

Washington County Circuit Court
21DR16621; A178809

D. Charles Bailey, Jr., Judge.

Submitted March 28, 2024.

Kimberly S. Brown filed the brief for appellant.

Andrew W. Newsom filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and DeVore, Senior Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

In this dissolution case, wife appeals from an order and a judgment denying her motion under ORCP 71 B(1)(a) to set aside an order and judgment of default. Wife notes that husband failed to provide the 10-day notice of default required by ORCP 69 A (which amounts to good cause for relief from a judgment under ORCP 69 F) and, further, contends that she has established mistake, inadvertence, or excusable neglect under ORCP 71 B(1)(a), as a ground for setting aside the default judgment. She also contends that the default judgment exceeded the terms alleged in husband's response to the petition for dissolution filed by wife, insofar as the judgment gave specific relief to husband that was not alleged in the response. We review the trial court's denial of wife's motion to set aside the default judgment for an abuse of discretion. *Dennison v. Doreen*, 281 Or 89, 98, 573 P2d 1242 (1978). We agree with wife that the order of default was premature and without notice, it having been based on wife's failure to appear at a hearing on a motion to compel production, rather than a hearing on breach of an order to compel. And we also agree that the default judgment, rendered without a further hearing or evidence, exceeded the terms alleged by husband in his response to the petition for dissolution. Therefore, we conclude that the trial court did abuse its discretion in denying wife's motion to set aside the default judgment, and we reverse and remand the judgment.

Reversed and remanded.