Argued and submitted June 4, affirmed August 8, 1985

DENKERS,
*Petitioner on Review,*

*v.*

DURHAM LEASING CO., INC.,
*Defendant,*

*and*

HUNT,
*Respondent on Review.*

(TC 240-341; CA A30762; SC S31493)

704 P2d 114

Keith S. Davidson, Portland, argued the cause and filed the brief for petitioner on review.

John Wight, Portland, argued the cause and filed the brief for respondent on review.

Before Peterson, Chief Justice, and Lent, Campbell, Roberts, Carson and Jones, Justices.

ROBERTS, J.

## ROBERTS, J.

This case involves the application of the language in ORCP 69B.(2) which requires that "[i]f the party against whom judgment [by default] is sought has appeared in the action * * * the party against whom judgment is sought * * * shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."

An action for breach of contract and deceit was filed in district court in August 1983. Defendant Hunt[1] was served in Oregon but then moved to Oklahoma. Difficulties with discovery followed. Relying on ORCP 46,[2] plaintiff filed a motion to compel discovery, requesting, *inter alia,* judgment for plaintiff as a sanction for failure to comply with discovery. On October 28, 1983, the court issued an order compelling discovery and requiring compliance by November 28, 1983.

On November 22, 1983, plaintiff served defendant with a Notice of Intent to Apply for a Default Order which stated,

"TAKE NOTICE!!! Plaintiff shall make application to the Court for an Order entering the default of the Defendant CHRIS HUNT in the above-entitled cause pursuant to the prior written notice to counsel delivered on the 31st day of October 1983. Plaintiff shall make said application to the Court by way of Motion on the 29th day of November 1983 at the a.m. *ex-parte* session in room 228 before the Presiding Judge."

On November 29, 1983, plaintiff obtained an *ex parte* order of default on the court's finding that defendant had failed to comply with the court's order compelling discovery.

---

[1] Only defendant Hunt is involved in this proceeding. Defendant Durham Leasing never appeared in the action. A default order was entered September 13, 1983, against Durham Leasing and a judgment by default was entered October 21, 1983.

[2] ORCP 46B. authorizes the court in which the action is pending to impose sanctions for failure to comply with orders compelling discovery. ORCP 46B.(2)(c) gives the court discretion to make "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

ORCP 69 applies to defaults under ORCP 46. *See* Council on Court Procedures, Oregon Rules of Civil Procedure and Amendments, Preliminary Drafts and Final Draft, Commentary to Draft of Proposed Rules 67-74 (October 15, 1970); *see also* Council on Court Procedures, Judgments Subcommittee, Oregon Rules of Civil Procedure and Amendments, Preliminary Drafts and Final Draft, Commentary to ORCP 69 Recommended Form of Rules on Judgments (July 16, 1980).

Defendant had previously filed, on November 14, 1983, a motion to modify the order compelling discovery. Because of defendant's failure to give a 7-day notice as required by local court rules, that motion was not heard until December 1, 1983, at which time the court vacated the order of default in order to hear the motion. On December 16, 1983, the court denied the motion to modify and again granted plaintiff's motion for order to default *nunc pro tunc* to December 1, 1983.

On January 3, 1984, a hearing was held on defendant's motion, filed December 9, 1983, to set aside the default. The court denied the motion. In the meantime, a *prima facie* hearing had been held on December 14, 1983, to determine plaintiff's damages and on January 13, 1984, a judgment against defendant was granted *nunc pro tunc* to December 14, 1983. The court noted in the judgment that an order of default had been entered on December 1, 1983.

The Court of Appeals reversed the trial court, holding that the notice failed to conform to the 10-day notice requirement of ORCP 69B.(2) because the notice was given only seven days before the order of default was granted.

ORCP 69A. provides for "Entry of default" by the clerk or the court. ORCP 69B. addresses "Entry of default judgment." ORCP 69B. is divided into two subsections. Subsection (1), which provides for entry of default judgment "[b]y the clerk" lists the circumstances under which this procedure may be accomplished. Subsection (2), which sets forth entry of judgment by default "[b]y the court" requires that when a party against whom judgment is sought has appeared in the action or the party seeking judgment has notice that the opposing party is represented by an attorney, that party shall be served with written notice of the application for judgment at least 10 days prior to the hearing on the application, unless the time period is shortened by the court, prior to the hearing on application.[3]

---

[3] ORCP 69A. and B.(1) and (2) provide:

"A. *Entry of default.* When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, and these facts are made to appear by affidavit or otherwise, the clerk or court shall enter the default of that party.

■ It is apparent from ORCP 69 that an "entry of default" and an "entry of default judgment" are two separate events.[4] An entry of default is the first step leading to a judgment by default. No notice is required under ORCP 69A. for an entry of default. There is no question in this case that defendant was entitled to the notice required in ORCP 69B.(2) for entry of the judgment by default. The question is whether, under these facts, that notice was given.

■ Plaintiff first claims that a letter of October 31 from him to defendant's attorney gave that notice. The letter is not a part of the record, but plaintiff argues that reference to it in the record is adequate. Regardless of whether the reference to the letter is adequate, we conclude that the provision of ORCP 69B.(2) stating that the party or the party's representative against whom judgment is sought "shall be served with written notice" is clear in its requirement. If refers to service as specified in ORCP 9.[5] The letter cannot substitute for service as specified by statute.

---

"B. *Entry of default judgment.*

"B.(1) By the clerk. * * *

"B.(2) By the court. In all other cases, the party seeking a judgment by default shall apply to the court therefor, but no judgment by default shall be entered against a minor or incapacitated person unless they have a general guardian or they are represented in the action by another representative as provided in Rule 27. If the party against whom judgment is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought (or, if appearing by representative, such party's representative) shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing, or make an order of reference, or order that issues be tried by a jury, as it deems necessary and proper. The court may determine the truth of any matter upon affidavits."

[4] It should be noted that while the heading in the statute refers to "entry of default judgment," the language of ORCP 69B.(2) refers to "judgment by default." We observe that there is no such thing as a "default judgment." There is, however, a judgment that is entered as the result of an order of default and a finding by the court as stated in the judgment that an order of default has been entered. The term "judgment by default" is the more proper characterization of this event.

[5] ORCP 9A. sets forth the application of the rule:

"Service; when required. Except as otherwise provided in these rules, every order, every pleading subsequent to the original complaint, every written motion

Plaintiff served defendant with the notice of application for an order on November 22, 1983. The notice stated that plaintiff "* * * shall make application to the Court for an *Order* entering the default of the Defendant. * * *" (Emphasis added.) On November 29, 1983, seven days later, an order of default was entered. The Court of Appeals reversed the trial court because defendant had not received the required 10-day notice, thus indicating that a 10-day notice is required for an order of default. We conclude that the Court of Appeals' interpretation is not a proper reading of ORCP 69B.(2).

ORCP 69B.(2) refers to "application for judgment" without any accompanying explanation of precisely what is meant by the language. Former ORS 18.080(1)(b) ( *repealed by* Or Laws 1981, ch 898, § 53), one of the sources for the current rule, provided:

> "* * * [T]he clerk, upon written motion of the plaintiff being filed, shall enter the default of the defendant, *and thereafter the plaintiff may apply to the court for the relief demanded in the complaint.* The court shall, upon such application, give judgment for the amount prayed for in the complaint, or the relief demanded in the complaint, unless it is necessary, to enable the court to give judgment or carry the same into effect, to take proof of any matter of fact, in which case the court may order the entry of judgment to be delayed until such proof is taken. * * *." (Emphasis added.)

This early version of ORCP 69B.(2) states that upon entry of default, the plaintiff "may apply" for a judgment award of the relief demanded in the complaint. We interpret this to mean that the hearing at which the court determines whether a judgment by default should be granted is the hearing which must be preceded by 10 days notice as contemplated by ORCP 69B.(2). The commentary to the draft of Proposed Rules 67 through 74 states: "Rule 69B. covers the

---

other than one which may be heard *ex parte,* and every written request, notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 7."

It should be noted that default was entered here not for failure to appear but for failure to comply with an order for discovery.

judgment entry after the separate entry of default." Council on Court Procedures, Oregon Rules of Civil Procedure and Amendments, Preliminary Drafts and Final Draft 41 (October 15, 1979).

■     Judgment for plaintiff was not entered until January 13, 1984. The *prima facie* hearing on December 14, 1983, and the order of default entered *nunc pro tunc* on December 1, 1983, culminated in this money judgment to plaintiff. The hearing which had to be preceded by the 10-day notice was the *prima facie* hearing on damages held December 14, 1983, because this constituted the "application for judgment."

We conclude that plaintiff's notice for an order entering the default does not fulfill the statutorily required notice for an application for judgment by default. Defendant was entitled to service of a 10-day notice that plaintiff intended to take a judgment by default as the result of the order of default. The rule envisions a final opportunity for a defendant to avoid a judgment by default. He does not have that opportunity unless the statutory notice is given.

As did the Court of Appeals, we order that this case be remanded to the trial court with instructions to set aside the judgment, not because the notice of entry of default was deficient, but because plaintiff gave defendant no notice that he intended to take a judgment by default. The Court of Appeals is affirmed and the case is remanded to the trial court with instructions to set aside the judgment.