Argued and submitted May 17, 1985, at Pendleton, Oregon, reversed and remanded
March 26, 1986

# MORROW COUNTY SCHOOL DISTRICT #1,
*Respondent,*

*v.*

# OREGON LAND AND WATER COMPANY et al,
*Defendants,*

# OREGON LAND & WATER COMPANY et al,
*Appellants.*

(7339; CA A30980)

716 P2d 766

Garry L. Reynolds, Hermiston, argued the cause and filed
the briefs for appellants.

William J. Kuhn, Heppner, argued the cause for respondent. With him on the brief was Abrams, Kuhn & Spicer, Heppner.

Before Richardson, Presiding Judge, and Warren and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this action to quiet title, Oregon Land and Water Company and Evans (defendants) appeal from a judgment by default entered pursuant to ORCP 69B(2).[1] They contend that the trial court erred when it granted plaintiff's motion for an order of default and when it denied defendants' motion to be relieved from the default. We hold that defendants were not in default when the trial court granted the default motion and therefore reverse.[2]

On August 9, 1983, plaintiff filed its complaint. On August 11, defendants were served. On August 17, plaintiff obtained an order directing defendants to appear and show cause why plaintiff's motion for a preliminary injunction should not be granted. On August 24, defendants moved to quash the order; on the same day there was a hearing on the motion to quash and on the motion for the injunction. The trial court orally denied the motion to quash and continued its consideration of the injunction motion. It did not enter written orders on either motion.

On September 13th, more than 30 days after service of the summons and complaint, plaintiff moved for an order of default and judgment by default on the ground that defendants had "failed to answer or otherwise appear within the time prescribed by law." Plaintiff did not seek an immediate order of default but instead asked that the motion be set for hearing 10 days after the date on which it was served on defendants. Plaintiff requested the 10-day delay "[p]ursuant to ORCP 69B(2)." On September 26, before the motion was heard, defendants filed an ORCP 21A motion to dismiss the complaint. On September 28, the court heard both motions but deferred ruling. At that hearing, the court entered its written order continuing the motion for an injunction and denying the motion to quash. On November 16, an order was entered denying the motion to dismiss and declaring defendants to be in default for "want of a proper answer." On

---

[1] *Denkers v. Durham Leasing Co.*, 299 Or 544, 548 n 4, 704 P2d 114 (1985), observes, under ORCP 69B(2), "there is no such thing as a 'default judgment'. There is, however, a judgment that is entered as a result of an order of default * * *. The term 'judgment by default' is the more proper characterization of this event."

[2] The action against the remaining defendants was concluded either by judgments by default or judgments of dismissal. Those defendants have not appealed.

November 18, defendant moved to be relieved from default and tendered an answer to plaintiff's complaint. The motion was denied. On January 20, 1984, the challenged judgment by default was entered.

The procedural history of this case and the arguments made on appeal reflect confusion about the procedure on a default, which involves two distinct events: first is the entry of default under ORCP 69A; that is followed by the entry of a judgment by default under ORCP 69B. ORCP 69 provides in pertinent part:

"**A. Entry of Default.** When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, and these facts are made to appear by affidavit or otherwise, the clerk or court shall enter the default of that party.

"**B. Entry of Default Judgment.**

"**B.(1) By the Clerk.** The clerk upon written application of the party seeking judgment shall enter judgment when:

"B.(1)(a)   The action arises upon contract;

"B.(1)(b)   The claim of a party seeking judgment is for the recovery of a sum certain or for a sum which can by computation be made certain;

"B.(1)(c)   The party against whom judgment is sought has been defaulted for failure to appear;

"B.(1)(d)   The party against whom judgment is sought is not a minor or an incapacitated person and such fact is shown by affidavit;

"B.(1)(e)   The party seeking judgment submits an affidavit of the amount due;

"B.(1)(f)   An affidavit pursuant to subsection B.(3) of this rule has been submitted; and

"B.(1)(g)   Summons was personally served within the State of Oregon upon the party, or an agent, officer, director, or partner of a party, against whom judgment is sought pursuant to Rule 7 D.(3)(a)(i), 7 D.(3)(b)(i), 7 D.(3)(e) or 7 D.(3)(f).

"The judgment entered by the clerk shall be for the amount due as shown by the affidavit, and may include costs

and disbursements and attorney fees entered pursuant to Rule 68.

"**B.(2)    By the Court.** In all other cases, the party seeking a judgment by default shall apply to the court therefor, but no judgment by default shall be entered against a minor or an incapacitated person unless they [*sic*] have a general guardian or they [*sic*] are represented in the action by another representative as provided in Rule 27. If the party against whom judgment by default is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought (or, if appearing by representative, such party's representative) shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing, or make an order of reference, or order that issues be tried by a jury, as it deems necessary and proper. The court may determine the truth of any matter upon affidavits."[3]

The usual practice is for a party's default to be "made to appear" by a motion for entry of a default order. ORCP 69A. Entry of the default order is a ministerial recognition of the state of the record, and it may be done by either the clerk or the court. A judgment by default under ORCP 69B follows an order of default and, except for certain contract actions under ORCP 69B(1), may be granted only by the court. An *order of default* may be taken *ex parte.* Under ORCP 69B(2), however, if the defaulted party has "appeared"[4] or is known to

---

[3] ORCP 69 is a combination of *former* ORS 18.080 (*repealed by* Or Laws 1981, ch 898 § 53), and FRCP 55. The relevant portions of ORCP 69 are, with minor modifications, identical to the comparable provisions of the federal rule. Accordingly, federal authorities may be persuasive in construing ORCP 69. *See Taylor v. Baker,* 279 Or 139, 141-142 n 2, 566 P2d 884 (1977); *Henderson-Rubio v. May Dept. Stores,* 53 Or App 575, 583 n 5, 632 P2d 1289 (1981).

[4] There seem to be two kinds of "appearances" contemplated by ORCP 69. An appearance to avoid the entry of default under ORCP 69A requires that a party "plead or otherwise defend." That is different from when, under ORCP 69B(2), a party who has "appeared" is entitled to notice of an intent to take a judgment by default. The federal cases give a broad reading to this second kind of appearance. Almost anything that indicates that the party is interested in the case will suffice. *See* 10 Wright, Miller & Kane, *Federal Practice and Procedure* (2d ed), § 2686 (1983).

be represented by counsel, the plaintiff must give a 10-day notice before taking *a judgment by default. See Denkers v. Durham Leasing Co., supra.*[5] The question is what constitutes a sufficient appearance to avoid the entry of default under ORCP 69A. Unfortunately, the pertinent language of the relevant rules is not consistent.

■    Under ORCP 69A, a party is in default if it has been served with a summons and has "failed to plead or otherwise defend." A defendant "pleads" by filing an answer. ORCP 13B; ORCP 19. Under FRCP 12(a), a party will "otherwise defend" if it files a motion to dismiss, a motion for a more definite statement or a motion to strike. *See* 6 *Moore's Federal Practice,* (2d ed) 55-11, ¶ 55.02(3). Although ORCP 69A and 21A are not that explicit, we believe that their meaning is the same. ORCP 7C(2) provides that, when the summons is served by any manner other than publication, the defendant shall "appear and defend" within 30 days from the service. ORCP 7C(3)(a) requires the summons to contain a notice that the defendant must appear within 30 days and to state that to appear the defendant "must file * * * a 'motion' or 'answer.' " Before the adoption of ORCP, a demurrer or a motion to strike was a sufficient appearance to avoid default. *McCann v. Oregon Scenic Trips Co.,* 105 Or 213, 218, 209 P 483 (1922); *Mitchell v. Campbell,* 14 Or 454, 458, 13 P 190 (1887). Both FRCP 55(a) and ORCP 69A require the defendant to appear on the substance of the controversy in order to avoid being defaulted. We hold that "otherwise defends" encompasses a motion directed to the sufficiency of the complaint.

■ ■    In the present case, defendants' only appearance before plaintiff's motion for an order of default and judgment was its motion to quash the order to show cause. That was not an appearance directed to the substance of the complaint or to the merits of plaintiff's claim. Accordingly, defendants did not "otherwise defend" by the filing of the motion. However, plaintiff did not seek an immediate order of default, the entry of which would have had the effect of cutting off defendants' right to "plead or otherwise defend." Instead, plaintiff moved that the court simultaneously determine its right to the entry of default *and* to a judgment by default. Before the court ruled

---

[5] *Denkers v. Durham Leasing Co., supra,* states that the purpose of the 10-day notice is to allow the defaulted party "to avoid a judgment by default." 299 Or at 550.

on plaintiff's motion, defendants "otherwise defended" by filing their motion to dismiss the complaint. After the filing of that motion, the record no longer justified the entry of a default for failure to plead or otherwise defend. The trial court erred when it ordered entry of defendants' default.[6]

Reversed and remanded.

---

[6] Defendants argue that the court violated a local rule requiring five days' notice to the other attorney before a party may apply to the court for a judgment of default. That rule, even if it were otherwise applicable, has been superseded by the notice requirements of ORCP 69B(2).