Argued and submitted June 18, affirmed October 15, reconsideration denied
December 5, 1986, petition for review denied February 3, 1987 (302 Or 594)

The BANK OF CALIFORNIA,
*Respondent,*

*v.*

BRYANT,
*Appellant.*

(84-12-236; CA A36643)

726 P2d 978

Jerold L. Billings, Portland, argued the cause for appellant.
With him on the brief was John J. Herbrand, Aloha.

David P. Roy, Portland, argued the cause for respondent.
On the brief were Michael O. Moran and Rappleyea, Beck,
Helterline, Spencer & Roskie, Portland.

Before Richardson, Presiding Judge, and Newman and
Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from the trial court's denial of his motion to set aside a default judgment, which was entered on his failure to make an appearance. We hold that the trial court did not abuse its discretion in ruling that defendant had failed to act diligently to set the judgment aside after learning of its entry. We also agree with the trial court that the defense tendered by defendant was not meritorious. Given those bases for our decision, we need not decide whether defendant would otherwise be entitled to relief from default on any of the grounds specified in ORCP 71B.

■■ We note in particular that we do not decide defendant's principal contention—that a defendant should be relieved from default if, before the judgment was entered, he was unrepresented by counsel, he communicated to the plaintiff's counsel that he intended to appear and he received no notice pursuant to ORCP 69B(2) of the plaintiff's application for judgment. Regardless of the answer to that question, defendant's failure to tender a meritorious defense and to exercise diligence in moving for relief are independently sufficient bases for the denial of his motion. *Bella v. Aurora Air, Inc.,* 279 Or 13, 566 P2d 489 (1977); *St. Arnold v. Star Expansion Ind.,* 268 Or 640, 521 P2d 526, 522 P2d 477 (1974).[1]

Affirmed.

---

[1] Defendant's motion to set aside the judgment was based on "fraud, mistake, excusable neglect, misconduct of opposing counsel or error." Those grounds for relief from default come within ORCP 71B(1)(a) and (c). Defendant's motion did not assert that the judgment should be set aside on the ground of voidness, pursuant to ORCP 71B(1)(d). For that reason, cases such as *Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985), *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.,* 78 Or App 296, 716 P2d 766 (1986), and *McCumber and McCumber,* 72 Or App 529, 695 P2d 992 (1985), which involved the validity of default judgments taken without any required ORCP 69B(2) notice, are inapposite. Those cases also differ from this one in that they involved direct appeals from the judgments rather than from a denial of a motion to set the judgment aside pursuant to ORCP 71B. Diligence in moving for relief from a judgment and the assertion of a meritorious claim or defense are required in connection with motions under ORCP 71B(1)(a) and (c), but they are of course not relevant factors in a direct appeal from a default judgment which challenges its validity. *See also Henry and Henry,* 301 Or 185, 721 P2d 430 (1986).