# GOLDMARK III,
## *Respondent,*

### *v.*

# ANDERSON et al,
## *Defendants,*

# MULLINS et al,
## *Appellants.*

## (16-84-00716; CA A31983)

### 734 P2d 3

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellants.

Owen B. McCullen, Eugene, argued the cause for respondent. With him on the brief was Armstrong, McCullen, Percy & Philpott, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendants[1] appeal the trial court's denial of their motion to set aside a default judgment against them. We reverse and remand.

. Plaintiff filed its complaint in late January or early February, 1984. Defendants' attorney accepted service. On March 14, 1984, plaintiff's attorney mailed a letter, bearing that date, to defendants' attorney. It stated, in part:

"Please see that an Answer is filed in the above captioned case at your earliest convenience. PURSUANT TO THE NOTICE REQUIRED BY OREGON RULES OF CIVIL PROCEDURE, I WILL SEEK AN ORDER OF DEFAULT AND JUDGMENT ON THURSDAY, MARCH 29, 1984.

"I will seek an Order of Default against all five of the . Defendants which you represent as follows: Mullins Construction Company, (Tom Mullins personally), Team Resources, Inc., L. W. Springer and Associates and (L. W. Springer personally)."

In response to the letter, defendants' attorney prepared an ORCP 21 motion and gave it to his law clerk, telling the clerk that the motion had to be filed by March 28. The attorney then left town. The motion was not mailed until March 29. It was filed on April 2, 1984. Meanwhile, on March 29, plaintiff's attorney submitted to the court *ex parte* an "Affidavit, Motion and Order of Default," which was signed by a judge. On March 30, 1984, the court conducted a *prima facie* damages hearing. The court entered a judgment on March 30 for $175,000 general and $100,000 punitives damages, the amounts in plaintiff's prayer.

On April 6, 1984, defendants filed the motion at issue to set aside the judgment. The trial court denied that motion, stating:

"THE COURT: * * * [T]he last two times that cases of default judgments that they asked me to set aside have gone up to the courts and they have said — and that's why if I were you, I would have all the faith, [counsel] — they have said it's a question in the discretion of the trial court as to whether to set aside default judgment. My practice in the standard of the

---

[1]We refer to appellants as defendants. Defendants Anderson were dismissed from this action.

law and those people apparently is not the same, and in each of those cases they said, 'In this case, the trial judge abused his discretion.' So I would suggest that you be very optimistic."

There was no discretion for the trial court to abuse in this instance. The judgment should have been set aside as having been granted in violation of ORCP 69B(2), which provides, in part:

"If the party against whom judgment by default is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought (or, if appearing by representative, such party's representative) shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."

In *Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985), the Supreme Court held that there is no notice requirement for the entry of an order of default. That entry is a purely ministerial act, which may be done by the clerk. The ten-day notice to a represented party required by ORCP 69B(2) is a notice of an application for a *judgment* by default, which presupposes an *existing* order of default. *See also Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.,* 78 Or App 296, 716 P2d 766 (1986).

Here, defendant's motion was to set aside the judgment, not the order of default. The motion was well taken because of plaintiff's failure to give the notice required by ORCP 69B(2) *after an order of default is taken.* Entry of the judgment was therefore erroneous, and the court should have set it aside.

Reversed and remanded.