Argued and submitted May 15, reversed and remanded December 30, 1987

In the Matter of the Marriage of

WAGNER,
nka Varble,
*Respondent,*
*and*

WAGNER,
*Appellant.*

(15-85-00002; CA A41027)

747 P2d 400

John Mark Mills, Eugene, argued the cause for appellant. With him on the brief were F. William Honsowetz and Lombard, Gardner, Honsowetz, Brewer & Schons, P.C., Eugene.

Bruce E. Barnett, Eugene, argued the cause for respondent. With him on the brief was Kent Anderson, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Husband appeals from an order of the trial court denying his motion to set aside a judgment of dissolution entered as a result of his default. We reverse.

The parties were married in 1980. On January 1, 1985, wife filed a petition for unlimited separation. ORS 107.455 to ORS 107.475. Husband filed a response, and negotiations between the parties led to the September 4, 1985, entry of a stipulated judgment of unlimited separation. On December 5, wife filed a "motion for supplemental proceedings to dissolve marriage." ORS 107.465. That motion was stricken, because husband was not served. On January 16, 1986, wife filed an amended motion, along with a return of service. On February 18, the trial court granted the motion and, on April 9, it entered a judgment by default. Husband moved to set it aside, arguing that he was not served with the motion and that he did not receive notice of wife's intent to apply for a judgment by default. The trial court denied the motion.

■ Husband first argues that the judgment should be set aside, because he was not served with a copy of wife's motion. There is conflicting testimony on that question, and the trial court found that husband had been served. We agree with that finding.

■ Husband also argues that he should have received notice from wife that she intended to apply for a judgment by default pursuant to ORCP 69B(2), which then provided,[1] in part:

> "If the party against whom judgment by default is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought (or, if appearing by representative, such party's representative) shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."

---

[1] ORCP 69B(2) was amended by the Council on Court Procedures on December 13, 1986, in a manner which does not affect the disposition of this case.

*See Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985). The question is whether husband "has appeared in the action." Because there is no dispute but that husband did not appear at any time between the service of wife's motion and his filing of the motion to set aside the default judgment, the question narrows to whether the "motion for supplemental proceedings to dissolve marriage" is a part of the same action that included the separation proceedings. If it is, then husband's participation in the separation proceedings constitutes an appearance entitling him to a notice of application for judgment under ORCP 69B(2).

Wife's motion was made pursuant to ORS 107.465, which provides:

"(1) The court has the power within two years after the entry of a decree of separation, upon motion of a party and after service of notice to the other party in the manner provided by law for service of summons, to allow supplemental proceedings for dissolution of the marriage; provided that any supplemental decree shall not set aside, alter or modify any part of the decree of separation which has created or granted rights which have vested.

"(2) Nothing in this section is intended to prevent either party to a decree of separation from commencing at any time in the manner required by law a suit for dissolution of the marriage."

Husband argues that a "motion for *supplemental* proceedings," (emphasis supplied) is, by implication, part of the same action that the motion supplements. He also points out that ORS 107.465(2) allows a party to a judgment of separation to commence a new action for dissolution, which implies that subsection (1), relating to the supplemental motion, is part of the original separation action.

Wife contends that the judgment of unlimited separation is appealable and that, therefore, subsequent proceedings commenced under ORS 107.465(1) constitute a new action. She argues that the statutory requirement of service of notice in the same manner as a summons further distinguishes the supplemental proceedings from the original separation action.

We conclude that a motion filed pursuant to ORS

107.465(1) is part of the same "action" for purposes of requiring notice of an intent to apply for a judgment by default under ORCP 69B(2). The motion must be made within two years of the entry of the judgment of separation and is "supplemental" to the separation, as opposed to a new petition for dissolution filed under ORS 107.465(2) and ORS 107.085. A judgment issued pursuant to the supplemental motion cannot abridge any rights which have vested as a result of the judgment of separation. A supplemental motion for dissolution bears the same case number as the separation. Accordingly, we conclude that husband's participation in the separation proceeding entitled him to receive a notice from wife, pursuant to ORCP 69B(2), that she intended to apply for a judgment by default.

■ Wife argues that, even if husband was entitled to receive notice under ORCP 69B(2), his pleading tendered with the motion to set aside the judgment was insufficient, because it did not contain a claim or defense as required by ORCP 71B(1).[2] *See Kachaturian and Kachaturian,* 58 Or App 497, 503-04, 648 P2d 1313 (1982). Husband's response to wife's motion, tendered with his motion, states: "Respondent appears." That is all that is required in response to a petition for dissolution, ORS 107.055, and is sufficient to put the trial court on notice that there are substantial issues to be decided. *See Kachaturian and Kachaturian, supra,* 58 Or App at 504 n 6. We conclude that husband's response is a sufficient response to a motion under ORS 107.465 and is a sufficient defense under ORCP 71B(1).

Accordingly, we conclude that husband's motion should have been granted, because husband did not receive

---

[2] ORCP 71B(1) provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64F; (c) fraud, misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21A which contains an assertion of a claim or defense."

notice under ORCP 69B(2) of wife's intent to apply for a default judgment.

Reversed and remanded. Costs to husband.