Argued and submitted January 8, reversed and remanded with instructions to vacate judgment July 6, 1988

## B & R EQUIPMENT SALES, INC.,
*Respondent,*

*v.*

## COMMONS,
*Appellant.*

(16 86 00433; CA A40477)

756 P2d 1272

Derrick E. McGavic, Eugene, argued the cause for appellant. On the brief was Guy B. Rencher II, P.C., Corvallis.

Larry J. Anderson, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals a judgment based on an order of default. Defendant's answer was stricken by the court under ORCP 46D for failure to appear for deposition. Plaintiff then filed a single motion for an order of default and a judgment based on that order. Plaintiff concedes that it did not give defendant notice that it was applying for an order of default or a judgment. Defendant did not move to set aside the order of default, ORCP 69C, or the judgment, ORCP 71B, but appealed the judgment to this court.

His only assignment is that the court erred in allowing plaintiff's "Motion for Default Judgment" without proof that he had been served with notice as required by *former* ORCP 69B(2).[1] At oral argument, however, defendant said that the claim of error was meant to challenge both the order of default and the judgment. He argues that he was also entitled to notice that plaintiff was seeking an order of default.

■ The order of default and the judgment were both granted on May 27, 1986. At that time, ORCP 69B(2) provided, in part:

"If the party against whom judgment by default is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought * * * shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."

Because no notice was given to defendant, who had appeared in the action, the judgment must be set aside. *Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985).

■ However, defendant is not entitled to have the order of default set aside on the notice ground. As the court explained in *Denkers,* entry of default and entry of a judgment by default are different things. The 10-day notice was required only before taking a judgment by default. *See Goldmark III v.*

---

[1] ORCP 69B(2) has been amended, effective January 1, 1988. *See* ORS 1.735. We are construing the rule as it stood before amendment.

*Anderson,* 84 Or App 287, 734 P2d 3 (1987). Because defendant did not move to set aside the order of default, he has preserved no challenge for our review.

Reversed and remanded with instructions to vacate judgment.