Argued and submitted March 4, reversed and remanded with instructions
November 2, 1988

In the Matter of the Marriage of

JOHNSON,
*Respondent,*
*and*

JOHNSON,
*Appellant.*

(D86-2285; CA A46034)

763 P2d 1192

Marvin D. Bowen, Tigard, argued the cause and filed the brief for appellant.

Nancy Sideras, Hillsboro, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals an order denying his motion to set aside a judgment of dissolution. ORS 19.010(2)(c). We reverse.

■   The court signed an order of default and a judgment based on that default on the same day. At the time the order of default and the judgment were made, July 9, 1987, ORCP 69B(2) provided, in relevant part:

> "If the party against whom judgment by default is sought has appeared in the action or if the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought * * * shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."[1]

The only evidence presented on husband's motion was an affidavit of his counsel, which wife does not controvert. Wife's counsel talked to husband's attorney regarding a temporary support hearing before submitting the motion for the order of default and the application for judgment. She also wrote a letter to husband's attorney to the effect that, if he did not file a response, she would take a default judgment.

Wife's counsel knew that husband was represented by an attorney. Although she notified that attorney of her intentions, she did not serve him with a written notice of the application for a judgment. The letter she sent was not sufficient as notice under ORCP 69B(2). *Denkers v. Durham Leasing Co.*, 299 Or 544, 704 P2d 114 (1985); *Goldmark III v. Anderson*, 84 Or App 287, 734 P2d 3 (1987). Consequently, the court erred in not setting aside the judgment.

■   Invalidating the judgment does not affect the order of default. Husband's motion did not appear to address that order, but seems to contest only entry of a judgment. As the

---

[1] ORCP 69B(2) was amended, effective January 1, 1988, to provide, in material part:

"In the event that it is necessary to receive evidence prior to entering judgment, and if the party against whom judgment by default is sought has appeared in the action, the party against whom the judgment is sought shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."

court recognized in *Denkers v. Durham Leasing Co., supra,* an order of default and a judgment by default are different things. The 10-day notice requirement of *former* ORCP 69B(2) is not applicable to an order of default.

Reversed and remanded with instructions to set aside the judgment. Costs to husband.