Argued and submitted August 31, reversed and remanded November 23, 1988

KILGORE et ux,
*Respondents,*

*v.*

PROTRAN TRANSMISSION, INC., et al,
*Defendants,*

*and*

BOYER,
*Appellant.*

(29-417; CA A39491)

764 P2d 587

Clayton C. Patrick, Salem, argued the cause for appellant. With him on the brief was William D. Brandt, Salem.

W. Eugene Hallman, Pendleton, argued the cause for respondents. On the brief were Joel S. DeVore and Mautz, Hallman & DeVore, Pendleton.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ Defendant Boyer[1] appeals from the trial court's denial of his motion for relief from a default judgment. The court found defendant in default as a sanction for non-compliance with a discovery order and entered an order of default. Plaintiffs did not provide defendants with a notice of application for judgment, as prescribed by *former* ORCP 69B(2),[2] after the default order was entered. The court nevertheless held a *prima facie* hearing and entered the judgment. Defendants moved to set it aside on the ground that plaintiffs had not complied with *former* ORCP 69B(2), as interpreted in *Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985). The trial court concluded that *former* ORCP 69B(2) and *Denkers* were inapplicable, because the court had given defendant written notice of the trial date three months in advance of the entry of the order of default, and the *prima facie* hearing instead of a trial was held on that date with defendant in attendance. We reverse and remand.

We said in *Goldmark III v. Anderson,* 84 Or App 287, 734 P2d 3 (1987):

"In *Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985), the Supreme Court held that there is no notice requirement for the entry of an order of default. That entry is a purely ministerial act, which may be done by the clerk. The ten-day notice to a represented party required by ORCP 69B(2) is a notice of an application for a *judgment* by default, which presupposes an *existing* order of default. *See also Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.,* 78 Or App 296, 716 P2d 766 (1986).

"Here, defendant's motion was to set aside the judgment, not the order of default. The motion was well taken because of plaintiff's failure to give the notice required by ORCP 69B(2) *after an order of default is taken.* Entry of the judgment was

---

[1] The other defendants are not parties to the appeal. We refer to Boyer as defendant.

[2] *Former* ORCP 69B(2) provided, in material part:

"If the party against whom judgment by default is sought has appeared in the action * * * the party against whom judgment is sought * * * shall be served with written notice of the application for judgment at least 10 days, unless shortened by the court, prior to the hearing on such application."

ORCP 69B(2) has been amended, effective January 1, 1988. *See* ORS 1.735. We are construing the rule as it read at the time judgment was entered in this case.

therefore erroneous, and the court should have set it aside." 83 Or App at 290. (Emphasis in original.)

■ Plaintiffs attempt in various ways to distinguish this case from *Denkers* and *Goldmark III.* They argue first that the fact that defendant had notice of and was present at the hearing where the default judgment was taken obviated the need for or cured the absence of the notice required by *former* ORCP 69B(2). That argument is incorrect. The court explained in *Denkers* that the purpose of the ORCP 69B(2) notice requirement is to provide a "final opportunity for a defendant to avoid a judgment by default." 299 Or at 550. A defendant's notification of a trial date cannot be said to communicate the same signal or to enable him to prepare for the same opportunity. Although there may be occasions when a defendant's participation in a hearing on an application for a default judgment of which he was not notified is as effective as it would have been if he had notice, we are unprepared to say either that that was true here or that the possibility of its ever being so can excuse a plaintiff from the uncomplicated task of complying with ORCP 69B(2).

■ Plaintiffs contend next that trial courts have broad discretion to order a default as a sanction for violating a discovery order, and that the sanction was amply warranted here. Assuming that to be correct, we do not perceive its relevance. The default in *Denkers v. Durham Leasing Co., supra,* was also entered "on the court's finding that defendant had failed to comply with the court's order compelling discovery." 299 Or at 546. Plaintiffs' contention that defendant's "conduct was characterized by delays and a lack of responsiveness" is also beside the point.[3] Dilatoriness and uncooperativeness by defendants are often present in default situations, and default procedures exist to deal with those kinds of conduct. That does not mean that plaintiffs seeking default judgments do not have to follow the required procedures.

Plaintiffs also argue that our scope of review in this appeal from a denial of a motion to set a judgment aside differs from our scope of review in direct appeals from default judgments. They explain:

_____

[3] Defendant takes a different view of his conduct, and attributes the delay in the proceedings to plaintiffs. That, too, is immaterial to our decision.

"A motion to set aside a judgment, whether based on statute or grounds within the court's inherent power, is directed to the sound discretion of the trial court, and its decision will be overturned only for abuse of discretion."

However, as we said in *Goldmark III v. Anderson, supra,* which also involved an appeal from the denial of a motion to set a judgment aside, "[t]here was no discretion for the trial court to abuse in this instance. The judgment should have been set aside as having been granted in violation of ORCP 69B(2)." 84 Or App at 290.

Reversed and remanded.[4]

---

[4] Defendant did not challenge the order of default, and our decision does not affect it.