Submitted on record and appellant's brief December 30, 1988, reversed and remanded July 5, 1989

In the Matter of the Marriage of

MANNIX,
*Appellant,*
*and*

MANNIX,
*Respondent.*

(15-85-01622; CA A48291)

776 P2d 873

David Robert Mannix, Eugene, filed the brief *pro se* for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals a judgment that dismissed his petition for separation with prejudice, on the ground that the court lacked jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). ORS 109.700 *et seq.* He urges a number of contentions; it is unnecessary to address them all. We reverse.

There were no hearings; we take the facts from the trial court file, husband's pleadings, his affidavit and an affidavit of wife's attorney. The parties were married in 1977 in Maryland and moved to Oregon in 1979. They have two children. In February, 1985, husband filed a petition for separation, ORS 107.025, in which he requested that wife have custody of the children. Wife accepted service of the petition but did not otherwise appear. Soon after the petition was served on her, she moved with the children to Maryland, where they continue to reside.

On December 10, 1985, husband moved to amend the petition for separation by changing the request for custody of the children by wife to joint custody. The certificate of service averred that the motion and amended petition were mailed to wife at a Portland address. The court allowed the amendment on January 14, 1986, and the next day, in response to husband's motion, the court, in a single document, granted an order of default and a "decree" of separation that was based on the amended petition.

On June 18, 1987, husband filed a supplemental petition for dissolution of the marriage. ORS 107.465(1). Wife was served by mail at a Baltimore, Maryland, address. She responded by a "special appearance" through Oregon counsel and moved to vacate the default judgment of separation entered in 1986 and to dismiss the supplemental petition for dissolution on the ground that it is "inappropriate unless there is a valid judgment of separation." Her counsel submitted his affidavit. The ground urged to vacate the separation judgment was that she was not served with the amended petition on which it was based. Husband and his former counsel submitted affidavits regarding service of the amended petition on wife. The parties filed memoranda, and the court, on September 23, 1987, granted wife's motion, ordered that the

"judgment of separation is vacated" and granted husband "twenty days to plead further."

Husband, on December 8, 1987, filed a motion to amend his petition for separation into a petition for dissolution. Wife moved to dismiss "the matter" under ORCP 21 on two bases: First, the amendment was not timely in that the court had given husband only 20 days to amend on September 23, 1987; and, second, under UCCJA, Maryland, not Oregon, has jurisdiction of the matter.

The court, on December 23, 1987, denied husband's motion to amend and ruled that wife's motion to dismiss was moot. After a flurry of memoranda and affidavits,[1] the court reconsidered wife's ORCP 21 motion to dismiss and granted it with prejudice on April 7, 1988. The court did not specify the basis for the dismissal, other than that it was under Rule 21. Wife's principal argument in support of her motion was that the court did not have jurisdiction under UCCJA.

**1.** Husband first argues that the court had jurisdiction of the subject of child custody when he filed the original petition for separation. Under UCCJA, a court has jurisdiction of a child custody dispute if Oregon

"is the home state of the child at the time of commencement of the proceedings * * *." ORS 109.730(1)(a).

The "home state" is

"the state in which the child, immediately preceding the time involved, lived with the parents of the child, a parent * * * for at least six consecutive months * * *." ORS 109.710.

According to husband's petition and affidavits, the children had lived with both parents in Oregon for at least six months before the original petition for separation was filed. Wife does not dispute that fact but argued below that, because the children had lived in Maryland since 1985, Maryland had obtained jurisdiction. ORS 109.730. However, wife's move with the children to Maryland after the petition was filed did not divest the Oregon court of jurisdiction under ORS

---

[1] Wife's counsel's affidavit stated that wife had filed a divorce action in Maryland that was pending in February, 1988. Husband filed a motion in Maryland to dismiss that proceeding.

109.720(1)(a), because jurisdiction depends on the circumstances that exist at the time the proceeding is commenced. Wife did not raise, and the court did not address, whether, under ORS 109.770, the court should decline to exercise its jurisdiction. The court erred in dismissing the "matter" under ORS 109.730.

**2, 3.** Husband also contends that the court erred in vacating the judgment for separation.[2] The court apparently vacated the judgment on the basis of wife's argument that she was not properly served with the amended petition, as required by ORCP 9A. She was not represented by an attorney at that time and was living in Maryland. Even if wife is correct that service by regular mail sent to her at a Portland address was improper, husband's memorandum and affidavits raise the issue whether she had actual knowledge of the amendment and that, therefore, improper service was excused under ORCP 7G. The court did not resolve the factual dispute in the conflicting affidavits regarding wife's actual knowledge of the amendment, nor did it address husband's argument. We reverse the order vacating the judgment and remand for reconsideration.

Husband next contends that the court abused its discretion in denying his motion to amend the petition for separation to a petition for dissolution. ORS 107.400 provides that the court may allow such an amendment at any time before entry of a judgment of separation. The court did not explain the reason for denying the amendment, and wife offered a variety of reasons in her objection to the amendment, including lack of jurisdiction. Because we reverse the judgment dismissing the "matter" and remand for further proceedings, we also reverse the order denying the motion to amend and direct the court to reconsider its decision in the light of our decision.

It is unnecessary to address the other assignments of error.

Reversed and remanded for further proceedings not

---

[2] Neither wife's motion nor the order vacating the judgment addressed the *order* of default. Because an order of default is separate and distinct from a judgment based on default, the order of default was not affected when the court vacated the judgment. ORCP 69; *Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985); *Johnson and Johnson,* 93 Or App 647, 763 P2d 1192 (1988).

inconsistent with this opinion. Costs, not including attorney fees, to husband.