# IN THE TAX COURT OF THE STATE OF OREGON

## DEPARTMENT OF REVENUE
*v.*
## RITCHIE CHEVRON, INC.
(TC 4257)

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Plaintiff (department).

John Eric Wilkes, Salem, represented Defendant (taxpayer).

Decision for Defendant rendered November 3, 1998.

### CARL N. BYERS, Judge.

Plaintiff (department) appeals from an Order of Default entered by the Magistrate Division. The department claims error because it filed an Answer in the case before the Order of Default was entered. Defendant (taxpayer) responds that the Magistrate Division Rules are different from the Oregon Rules of Civil Procedure (ORCP) and the Rules of the Regular Division of this court and, therefore, the Order was properly entered. The matter is before the court on cross motions for summary judgment.

### FACTS

Taxpayer filed a Complaint with the Magistrate Division on September 25, 1997. In accordance with ORS 305.560, the court clerk served a copy of the Complaint on the department by regular mail on September 26, 1997. A Notice of Filing accompanied the Complaint indicating that the department had 30 days to respond as provided by Magistrate Division Rule (MDR) 4.

The department did not file a written response within 30 days and, on October 31, 1997, taxpayer filed a Motion for Order of Default. The Magistrate Division does not have a rule governing default orders and judgments. The Affidavits of the presiding magistrate and the magistrate assigned to this case indicate that the Magistrate Division chose not to follow ORCP 69. Instead, the division chose to provide the department with an opportunity to explain why the magistrate should deny the motion. Accordingly, the magistrate instructed taxpayer's counsel to serve a copy of the Motion for Order of Default on the department. The department did not file a response to the Motion for Order of Default but, on November 7, 1997, did file an Answer to taxpayer's Complaint. The magistrate considered the Answer an

inappropriate response. The magistrate desired an explanation from the department for its failure to file a written response within 30 days of service as required by MDR 4. Eventually the department did give its explanation, but the magistrate found it wanting and issued its Order of Default. The department subsequently appealed from that order to the Regular Division.

## ISSUE

Did the magistrate err or abuse her discretion in issuing an Order of Default?

## ANALYSIS

■ The Magistrate Division of the Oregon Tax Court, a tribunal that is unique to Oregon as well as the nation, is intended to conduct its proceedings in an informal manner relatively free of technical rules. ORS 305.501(4)(a). However, as an adjudicatory body, it must have rules by which the cases are administered. Those rules have been established by the Tax Court and were designed with fundamental notions of justice and fairness in mind.

■■ It should be unnecessary to note that these rules must be complied with. They are necessary both for the efficiency of the court and fairness to the parties. However, when questions arise that are not addressed by specific rules, it is left to the discretion of the adjudicator to resolve those questions in a just and fair manner. As the Preface to the Magistrate Division rules states, "[i]f circumstances arise which are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court *may be used as a guide to the extent relevant.*"

In this case, it appears the magistrate assigned to the matter conferred with her colleagues as authorized by ORS 305.501(4)(a). At that point, realizing that default orders were not addressed in their rules, the Magistrate Division made a conscious decision not to follow the Regular Division rule or ORCP 69. This decision was appropriate given the directive in ORS 305.425(3), which states:

"* * * [T]he rules of practice and procedure promulgated by the court * * * shall conform, *as far as practical* to the rules

of equity practice and procedure in this state." (Emphasis added.)

■ In this instance, there is a good reason for the Magistrate Division to depart from the general rule and practice. Most importantly is the fact that the Oregon Tax Court is a single court with two separate divisions. Appeals from the Magistrate Division are to the Regular Division. Because the Tax Court is a single court, it can issue only one judgment for each case. Accordingly, no judgments are entered on Magistrate Division decisions until they become final and the right of appeal has expired. Once a judgment is issued from the Magistrate Division, there is no further right of appeal. Only judgments issued by the Regular Division of the Tax Court may be appealed to the Oregon Supreme Court. That is obviously a major difference from the circuit courts whose orders and judgments of default are appealable only to another higher and separate court.

■ Although the Magistrate Division departed from ORCP 69, the procedure it followed is consistent with the principles underlying ORCP 69. As explained in *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 300, 716 P2d 766 (1986):

> "The usual practice is for a party's default to be 'made to appear' by a motion for entry of a default order. ORCP 69A. Entry of the default order is a ministerial recognition of the state of the record, and it may be done by either the clerk or the court. A judgment by default under ORCP 69B follows an order of default and, except for certain contract actions under ORCP 69B(1), may be granted only by the court. An *order of default* may be taken ex parte. Under ORCP 69B(2) however, if the defaulted party has 'appeared' or is known to be represented by counsel, the plaintiff must give a 10-day notice before taking a *judgment by default*."

■ Due to the statutory structure of the Magistrate Division, it is appropriate for the magistrate to give the party in default an opportunity to show why an order of default should not be entered. If the magistrate finds the failure to comply with the rule should be excused, then the motion for order of default can be denied, and the matter will be heard on the merits. If the magistrate determines that the failure should not be excused, then the order is entered and the

party may then appeal to the Regular Division. It would be imprudent for a magistrate to enter an order of default without ascertaining whether entry of that order is appropriate. Here, the magistrate applied the standard found in ORCP 71 B for setting aside judgments; that is, whether the failure to comply was a result of a mistake, inadvertence, surprise, or excusable neglect. This is a reasonable standard and consistent with ORCP 71 B.

In summary, the magistrates have applied the principles found in ORCP 69 to the extent required by the structure of the Tax Court. This is consistent with the mandate of the statute that the rules of the court follow those of the rest of the state "so far as practical."

In this appeal, the department relies primarily upon case law interpreting ORCP 69. For the reasons set forth above, those cases do not and cannot be applied to procedures adopted by the Magistrate Division. The department also argues that the Order of Default did not comply with ORS 305.501(4)(a). That statute provides, in part:

> "Subject to the rules of practice and procedure established by the tax court, a magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."

The department contends that the Order of Default does not achieve substantial justice. However, the statute upon which the department relies indicates that the "hearing" should achieve substantial justice. The department's appeal does not concern the manner in which a hearing was conducted. Also, the statute clearly provides that the procedural aspects which it addresses are "subject to the rules of practice and procedure established by the tax court." As explained above, the rule adopted by the Magistrate Division is consistent with the principles of ORCP 69. Justice is not thwarted by requiring the department to comply with court rules.

Finally, the department generally argues that the informal nature of the court and the rule of the court do not justify denying the department an opportunity to present its

case on the merits. In essence; the department is arguing that parties who fail to comply with the rules of the court should not suffer any consequences. That cannot be. As mentioned above, the rules of the court are inherently part of the process by which the court resolves disputes. Failure to consistently enforce the rules can only result in decreased compliance and greater unfairness to the affected parties. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.