On court's order to show cause filed June 25, 2013, and appellant's response to order to show cause filed June 27, appeal dismissed October 9, 2013, petition for review denied March 27, 2014 (355 Or 142)

GARRETT HEMANN ROBERTSON, P. C.,
an Oregon professional corporation,
*Plaintiff-Respondent,*

*v.*

Amber Renee WINN,
as Personal Representative of
the Estate of Pamela R. Worden, Deceased,
*Defendant-Appellant.*

Polk County Circuit Court
11P10305; A150118

312 P3d 550

Steven M. McCarthy and McCarthy Law Offices for appellant.

Before Sercombe, Presiding Judge, and Haselton, Chief Judge, and Hadlock, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Defendant appeals from a judgment entered on or about November 1, 2011. Her November 29, 2011, notice of appeal states that she is also appealing from "the [September 7, 2011,] order granting Plaintiff's motion to be exempted from mandatory arbitration herein, and from any subsequent or supplemental judgment thereafter entered in the case." For the reasons that follow, we conclude that the appeal should be dismissed because any appeal from the order upholding an exemption from arbitration is not justiciable under the law of the case, and the appeal from the November 1, 2011, judgment is from a "judgment given * * * for want of an answer" under ORS 19.245(2), and is barred by that statute.

Plaintiff law firm represented defendant in a dissolution of marriage proceeding and was owed attorney fees by defendant. Plaintiff filed a complaint against defendant, alleging two claims for relief: a breach of contract claim, alleging damages of $16,159.85, and an action to foreclose an attorney lien on real property. Defendant filed an answer, affirmative defenses, and counterclaims alleging tort claims against plaintiff. On July 25, 2011, the trial court entered an order referring the action to court-mandated arbitration. *See* ORS 36.400 - 36.425 (mandatory arbitration process for certain civil cases filed in circuit court). Plaintiff objected, and the court entered an order sustaining the objection to court-mandated arbitration. Defendant moved to reconsider the order and the court did so, but upheld the exemption from arbitration in an order entered on or about September 7, 2011.

Defendant separately appealed from that order. In *Garrett Hemann Robertson PC v. Worden*, Court of Appeals No. A149540, we entered an October 13, 2011, order determining that "the [arbitration exemption] order is not appealable under either ORS 19.205, or ORS 36.730, or any other provision of law" and dismissing the appeal. The appellate judgment incorporating that order was effective on November 20, 2011.

Prior to the filing of the notice of appeal, the case had been set for trial on September 13, 2011. Defendant filed a motion for continuance of the trial date, which the court heard and denied. On November 1, 2011, the trial court entered an order of default against defendant. In its order of default, the trial court found that "defendant's attorney report[ed] defendant is not ready to proceed to trial and indicat[ed] in open court that he withdraws the Answer, Affirmative Defenses and Counterclaims filed on behalf of the defendant." The court further found that the parties were given notice of the trial date on August 5, 2011; the court inquired regarding readiness for trial on August 26, 2011, and "no party indicated they were not ready for trial"; defendant's pleadings were withdrawn on September 13, 2011; and defendant's attorney reported he was not ready to proceed to trial. Based on those findings, the court entered defendant's default and the November 1, 2011, judgment at issue here.

Defendant does not contend that the trial court findings are without evidentiary support. The record shows that defendant's pleadings were withdrawn and that they were not stricken as a sanction. In the hearing on the continuance motion, defendant's attorney stated, "I think we'll just have to default. I can't try the case." The trial court asked counsel whether he wished to withdraw his pleadings, and he answered "yes." The court then stated, "All right. I'll strike the pleadings on defendant's request and declare a default."

ORS 19.245(1) provides that, "[e]xcept as provided in subsections (2) and (3) of this section, any party to a judgment may appeal from the judgment." However, ORS 19.245(2) adds that a "party to a judgment given by confession or for want of an answer may not appeal from the judgment" except in particular circumstances that do not apply here.

One of those circumstances allows an appeal from a default judgment "if the trial court has entered a default judgment against the defendant as a sanction or has denied a motion to set aside a default order or judgment." ORS 19.245(2)(b). Here, the default judgment was entered after

defendant's pleadings were stricken at her request, and not as a sanction. *See Kilgore v. Protran Transmission, Inc.*, 94 Or App 44, 764 P2d 587 (1988) (appeal of default judgment entered as a sanction for noncompliance with discovery order); ORCP 46 B(2) (allowing as sanction for failure "to obey an order to provide or permit discovery" the entry of an "order striking out pleadings or parts thereof, * * * or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party"). Accordingly, an appeal will not lie from the default judgment in this case. *See Fassman v. Baumgartner*, 3 Or 469 (1869) (dismissing appeal under statute precluding an appeal from "a judgment or decree given * * * for want of answer" where the appellants withdrew their answers in the trial court proceedings).

To the extent that defendant purports to *directly* appeal from the September 7, 2011, arbitration exemption order by her November 29, 2011, notice of appeal, this court earlier determined that that order was not appealable, and our decision is embodied in a final appellate judgment. Although defendant could have challenged the lawfulness of that order had she made a justiciable appeal of the judgment ending the case, she did not.

Appeal dismissed.